Martin, J.
The widow and heirs of Franqois Trepagnier, surety of Pierre Trepagnier on appeal bond, are appellants from a judgment making absolute a rule which the present plaintiff, the obligee in the appeal bond, had obtained against them, on producing a writ of fieri facias, which he had obtained against the late Pierre Trepagnier, returned nulla bona, to show cause *228 why execution should not issue against them, the said widow and heirs.
Their counsel has urged, that the rule was improperly issued. It was founded on the act of 1839, sec. 20, page 170, amending the Code of Practice, (art. 596,) and providing that, “ if the judgment be affirmed, the plaintiff may, on the return of the execution that no property has been found, obtain a decree against the surety on the appeal bond for the amount of the judgment, on motion, after ten days’ notice, which motion shall be tried summarily and without the intervention of a jury, unless said surety shall allege, under oath, that the signature to the bond purporting to be' his is not genuine, or that the judgment has been satisfied.”
In the present case the appeal was taken, and the bond executed, before the year 1839, when the condition of the appeal bond did not authorize a judgment against the surety, until it shall appear that the judgment affirmed cannot be satisfied by the proceeds of the appellant’s property, real and personal.
The counsel has urged, that the summary remedy theretofore given by the Code of Practice, was confined to the surety himself and did not extend to his widow and heirs, and that that given by the act of 1839 can extend no further; that the Code of Practice protected the surety until it was manifest that the judgment affirmed could not be satisfied by the sale of the appellant’s property, while the act of 1839 makes the surety liable “ on the return of the execution that no property has been found,” without allowing him to show that his principal has property in another parish than that to which the appellee has seen fit to direct the execution. The provision that, unless the surety shall swear “ that the signature to the bond purporting to be his is not genuine, or that the judgment has been satisfied,” judgment shall be given against him, evidently shows, that the Legislature contemplated no other proceedings than those against the surety himself; as his wife and heirs could seldom take the oath required by the act, and might often have a right to other means of defence which the surety could not urge. Lastly, the counsel has shown, that the court erred in giving judgment for a gross sum against the widow and heirs ; that neither she nor they are *229 in any manner jointly liable, she for one-half and each of the heirs severally, for their virile portion.
The counsel for the appellee has replied, that the Legislature have thought it best that, after all the means of procrastination which the law affords against the plaintiff have been exhausted by the decision of the last tribunal, he should be protected against a resort to a similar delay by the surety for the appeal or his representatives ; and he contends, that this court may amend the judgment, by apportioning the amount of the judgment against the widow and heirs.
It appears to us, that the plaintiff mistoi^Jij^s^medy, and that the widow and heirs of the surety cannot be ould under before the proceeded against, in the same ma the act of 1839, especially on an' passage of that act.
It is, therefore, ordered and decriLH'. tha t JCaSat be annulled and reversed, and that the ^eV»iftnecl Jgsxme plaintiff and appellee against the defendants an^a^pettej^ís, be discharged, without prejudice to his rights against them ; and that he pay costs in both courts.